1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8
9
10
11
12

ROSALINE A.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

CASE NO. C23-5093-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

13
14
15
16
17

Plaintiff appeals the ALJ Prinsloo's 2022 decision denying her application for Supplemental Security Income and finding her not disabled. She contends the ALJ misevaluated her testimony about the impact of her anxiety and depression on her ability to work. Dkt. 12 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further proceedings under sentence four of 42 U.S.C. § 405(g).

18

## BACKGROUND

19
20
21
22
23

Plaintiff is currently 56 years old, has a high school diploma and some college education, and her past jobs include kitchen helper, mail clerk, hand packager, receptionist, customer service representative, and sales associate. Tr. 912.  In May 2015, she applied for benefits, alleging disability as of January 1, 2014. Tr. 281-86. Her application was denied initially and on

reconsideration. Tr. 145-52, 157-63.  ALJ Morris conducted hearings in June 2017, Tr. 32-113, and subsequently found Plaintiff not disabled.  Tr. 14-26.

The Appeals Council denied Plaintiff's request for review, Tr. 1-5, and Plaintiff sought judicial review. The U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded the case for further administrative proceedings. Tr. 993-1004. On remand, ALJ Prinsloo held a hearing in June 2022, Tr. 927-61, and subsequently issued a decision finding Plaintiff not disabled. Tr. 901-14.

**DISCUSSION**

Plaintiff contends ALJ Prinsloo erroneously discounted her testimony about her mental impairments because the 2022 decision "offered essentially the same reasoning that this Court has already rejected with the addition of summarizing additional psychological evaluations." Dkt. 19 at 2.  Plaintiff argues ALJ Prinsloo failed to provide clear and convincing reasons to discount her mental health testimony and instead simply summarized the opinions of various mental health medical and other sources, made vague references to the record, and ignored parts of the record showing Plaintiff is more limited than the ALJ determined.

The Commissioner disagrees and contends ALJ Prinsloo's 2022 decision did not simply replicate errors contained in the 2017 decision but correctly discounted Plaintiff's testimony on the grounds it is inconsistent with examination findings contained in the medical record and inconsistent with her activities. The Commissioner also argues the ALJ properly discounted the opinions of Drs Haroian and Neims. The Commissioner notes Dr. Haroian's 2016 report stated that "I do not believe the symptoms are as severe as she reports" Tr. 735, which ostensibly undercuts Plaintiff's testimony. The Commissioner further argues the ALJ properly gave great weight to the opinions of Drs Eisenhauer and Van Dam and these opinions cut against Plaintiff's

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 2

testimony. The Commissioner also argues that ALJ Prinsloo's decision is sufficiently specific to provide the Court a basis to conclude the ALJ did not arbitrarily discredit Plaintiff's testimony.

The parties' arguments thus revolve around the differences between ALJ Morris's and ALJ Prinsloo's decisions. Plaintiff argues ALJ Prinsloo's decision replicates the errors contained in ALJ Morris's decision while the Commissioner argues ALJ Prinsloo's decision properly discounted Plaintiff's mental health testimony.

Given the parties' arguments, the Court turns to the Court's 2019 order. In that order, the Court reversed ALJ Morris's 2017 determination to discount Plaintiff's mental health testimony on the grounds (1) Plaintiff's activities are not a clear and convincing reason to generally reject her testimony; (2) Plaintiff's testimony cannot be rejected solely because it is not supported by objective evidence; (3) The ALJ lacked support to find the objective evidence undermines Plaintiff's testimony, i.e. Plaintiff's claims of anger, racing thoughts and fear do not clearly undermine her testimony about her limitations; and (4) The Court will not infer the basis of the ALJ's reasoning unless the path of the ALJ's reasoning may reasonably be discerned. Tr. 1001-1002.

The Court next notes the parties do not disagree the ALJ cannot rely solely upon the lack of objective evidence to reject Plaintiff's mental health testimony. They disagree, however, whether ALJ Prinsloo provided other valid reasons to discount Plaintiff' testimony that are sufficiently clear for the Court to review, and which are supported by substantial evidence.

On remand, ALJ Prinsloo found Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms she alleged, but discounted Plaintiff's testimony as "not entirely consistent with the evidence and other evidence." Tr. 908. ALJ Prinsloo discounted Plaintiff's testimony about her "mental impairments," Tr. 909, by first outlining the

1    evaluations performed by John Haroian, PhD in April 2015, and February 2016, and consultative

2    examinations performed by Dan Neims, PsyD in March 2017 and February 2019. Tr. 909-10.

3    The ALJ indicated the record showed Plaintiff was alert, oriented, had appropriate mood, intact

4    memory, was cooperative and had fair to good concentration and attention. Tr. 910.

5         The ALJ gave significant weight to Drs Haroian's and Neims' opinions Plaintiff has mild

6    to moderate limitations. Tr. 911. The ALJ found Dr. Haroian's opinion Plaintiff was healthy

7    enough to be referred to the Division of Vocational Rehabilitation indicates Plaintiff has the

8    capacity to work. The ALJ discounted the GAF score Dr. Haroian assessed which indicated

9    marked limitations; the ALJ found this assessment is not supported by "any mental health

10   evidence, and the doctor failed to explain why this score was given, and the doctor noted

11   Plaintiff "had a degree of symptom magnification." *Id.*

12        The ALJ also noted and gave weight to the 2015 opinions of state agency consultant

13   Renee Eisenhauer, PhD and Carla Van Dam PhD. These consultants opined Plaintiff has mild

14   limitations regarding activities of daily living, moderate difficulties with social functioning,

15   concentration, persistence and pace, and no extended periods of decompensation. Tr. 910.  The

16   ALJ gave weight to the opinions of these consultants that Plaintiff retains the mental ability to do

17   simple routine tasks involving limited social interaction, can recall and perform simple one and

18   two-step tasks. *Id.*

19        The ALJ rejected the opinion of Angela M. Pieratt, ARNP that Plaintiff is disabled on the

20   grounds Ms. Pieratt "did not cite to any clinical findings to support this opinion," and Ms.

21   Pieratt's opinion is "tentative" because she stated Plaintiff is "likely suffering from post-

22   traumatic disorder. Tr. 912. The ALJ rejected Ms. Pieratt's opinion Plaintiff can work only 1-10

23

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 4

1   hours a week as given without explanation and found Ms. Pieratt was giving an "educated guess"

2   about Plaintiff's limitations because she opined "diagnostic clarification" was warranted. *Id*.

3        The Parties go round and round over the propriety of ALJ Prinsloo's opinion. The Court

4   focuses on what ALJ Prinsloo's decision stated and found and concludes the ALJ erred in

5   rejecting Plaintiff's testimony. The decision states Plaintiff's testimony is not entirely consistent

6   with the medical evidence and other evidence. Tr. 908. This is merely a conclusion that typically

7   appears in every final decision issued by the Commissioner; alone it is a conclusory statement

8   and not a clear and convincing rationale that can be reviewed by this Court.

9        The decision also states "after review of the entire record" and Plaintiff's testimony the

10  residual functional capacity set forth in this decision is appropriate." Tr. 912 Substantial

11  evidence does not support this finding. First, the Court finds the 2020 decision fails to establish

12  Plaintiff's activities are inconsistent with Plaintiff's testimony, and thus rejects the

13  Commissioner's argument to the contrary.  *See* Dkt. 19 at 2.

14       Second, the 2020 decision states the record shows Plaintiff presents as alert, has

15  appropriate mood/affect, intact memory, is pleasant and has fair to good attention and

16  concentration. Tr. 910. This statement is not a complete assessment of the record as it omits

17  portions of the record showing Plaintiff has had significant mental health problems. *See* Dkt. 12

18  at 6.  As the Court's 2019 order stated, the ALJ should not cherry-pick evidence.  Additionally,

19  that Plaintiff may appear alert, or is pleasant, and exhibits concentration and attention during

20  examination does not address the limitations she claims flow from depression and anxiety. One

21  can be cheerful and have intact cognitive ability but still lack the ability to perform gainful work

22  activity due to symptoms from depression and anxiety.

23

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 5

1    And third, the 2020 decision notes that Dr. Neims opined Plaintiff is markedly limited in

2    her ability to perform work and to complete a normal workday. Tr. 910. Dr. Neims' opinion

3    supports Plaintiff's testimony but the ALJ did not provide any explanation for discounting the

4    doctor's opinion in reaching the conclusion the record supports the RFC that was assessed. *See*

5    Tr. 911.

6    The Court accordingly finds ALJ Prinsloo erred. Although Plaintiff contends the Court

7    should remand the case for an award of benefits, the Court finds the further proceedings are not

8    only appropriate but necessary. Plaintiff's argument ALJ Prinsloo did not cite to specific

9    evidence that undercuts her testimony, and thus there is no evidence that could undercut her

10   testimony does not withstand scrutiny. Dkt. 12 at 8. The Court reverses the 2020 decision

11   because the ALJ failed to provide clear and convincing way set forth reasons to discount

12   Plaintiff's testimony. But the ALJ's failure to meet the necessary standard should not be equated

13   with a finding that the record clearly establishes Plaintiff is disabled.  Indeed, the parties' fiercely

14   debate how the record should be interpreted which only highlights the need for the ALJ on

15   remand to carefully weigh the record.

16                                          **CONCLUSION**

17   For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and the

18   case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).

19   Plaintiff raised one error: the ALJ erred in rejecting her testimony about her mental health

20   limitations. Plaintiff has not alleged error as to other aspects of her testimony, or other aspects of

21   the 2020 decision, and the Court accordingly will not disturb the ALJ's other determinations.

22   On remand, the ALJ shall reassess Plaintiff's testimony. Because Plaintiff's application

23   has been considered twice, the Court directs that in reassessing Plaintiff's testimony on remand,

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 6

the ALJ shall carefully determine and cite to the portions of the medical record that support or detract from Plaintiff's testimony and provide an explanation as to any conclusion reached in this regard. There are medical and other opinions of record. To the extent the ALJ weighs Plaintiff's testimony vis-a vie these opinions, the ALJ shall set forth which opinions support the ALJ's assessment, which opinions are accepted, and if an opinion is rejected the basis for that rejection.

The ALJ may develop the record and redetermine RFC as needed and shall proceed to the remaining steps of the disability evaluation process as appropriate.

DATED this 31st day of August, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge